UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Fleet Connect Solutions LLC,<br><br>                                    Plaintiff,<br><br>                    -v-<br><br>Vehicle Tracking Solutions, LLC, *doing business as IntelliShift*,<br><br>                                    Defendant. | 2:25-cv-4453<br>(NJC) (LGD) |

## ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

This action involves patent infringement claims brought by Plaintiff Fleet Connect Solutions LLC ("Fleet Connect") asserting seven patents against Defendant Vehicle Tracking Solutions, LLC ("IntelliShift"). Before the Court is IntelliShift's motion to stay the litigation pending completion of USPTO investigations regarding the validity of several of the patents at issue. For the reasons set forth below, the Court denies the motion to stay.

## BACKGROUND

Fleet Connect commenced this action against IntelliShift on August 8, 2025. (Compl., ECF No. 1.) Fleet Connect's Complaint asserts patent infringement claims against IntelliShift with respect to seven patents (the "Asserted Patents"). (Compl. ¶¶ 1, 20–96.) The Complaint alleges that IntelliShift's products "practice at least one claim of each of the Asserted Patents." (Compl. ¶ 19.) IntelliShift filed an Answer to the Complaint on November 25, 2025 and raised certain affirmative defenses and counterclaims, including, among others, that the patents are invalid and Fleet Connect's claims are barred based upon prosecution history estoppel. (ECF No. 13.)

On December 4, 2025, IntelliShift filed the instant motion to stay, seeking a stay on the basis that several of the Asserted Patents are the subject of ex parte reexaminations ("EPR") before the United States Patent and Trademark Office ("USPTO"), initiated by other individuals or entities not party to this litigation. (Mot. Stay, ECF No. 16.) Attached to IntelliShift's motion are exhibits relating to the reexamination requests. (ECF Nos. 16-1 through 16-11.) IntelliShift contends that a stay is warranted because: (1) there are pending USPTO investigations on five of the Asserted Patents; (2) resolution of the USPTO investigations would simplify many of the issues in this litigation, including the scope of discovery, motion practice, and trial; (3) this action is in the early stages of litigation; and (4) Fleet Connect would not be unduly prejudiced because it chose to initiate this action after the EPR requests had been filed. (*See* Mot. Stay.)

On December 19, 2025, Fleet Connect filed its opposition to the motion to stay, and attached an exhibit relating to a recent USPTO disposition regarding one of the Asserted Patents, as well as a recent opinion from the Eastern District of Texas ruling on a motion to stay in an action involving many of the same patents at issue here. (ECF Nos. 20, 20-1, 20-2.) Fleet Connect opposes a stay on the basis that only four out of seven of the Asserted Patents are subject to current EPR proceedings, Defendants are not a party to those proceedings and would not be bound by rulings in them, the scope of discovery in this action would not be limited by the outcome of those proceedings, and an indefinite stay would unduly prejudice Fleet Connect. (*See* Opp.)

## LEGAL STANDARD

Courts are obligated "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. Proc. 1. "[A] stay is an intrusion into the ordinary processes of administration and judicial review, and . . . should be granted only in 'rare circumstances.'" *Medina v. Angrignon*, No. 15-cv-0427, 2022 WL 1555083, at *2 (W.D.N.Y. May 17, 2022)

2

(quoting *Maldonado-Padilla v. Holder*, 651 F.3d 325, 328 (2d Cir. 2011) and *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). "[S]tays of indefinite duration are generally disfavored. *Medina*, 2022 WL 1555083, at *2.

Nevertheless, "[d]istrict courts have the inherent power to manage their dockets, which includes issuing a stay pending the conclusion of review proceedings before the USPTO." *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-cv-05669, 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014). "Courts generally consider three factors in deciding a motion to stay pending review by the PTO: '(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party.'" *Id*. "These factors are not exclusive, however, and in the end, an overarching consideration of the circumstances in their totality governs." *Id*. "The burden is on the movant to establish that a stay is warranted." *Goodman v. Samsung Elecs. Am., Inc.*, No. 17-cv-5539, 2017 WL 5636286, at *2 (S.D.N.Y. Nov. 22, 2017).

## DISCUSSION

Upon consideration of the three *CDX* factors, IntelliShift has not met its burden to show that a stay is warranted. Although this action is in the early stages, a stay would not simplify the issues in this litigation and would unduly prejudice Fleet Connect.

### I.     Simplification of the Issues

With respect to the first stay analysis factor, a stay would not have a meaningful effect in simplifying the issues in question in this litigation. Out of the seven Asserted Patents at issue in this litigation, only four[1] of them remain subject to an active ex parte reexamination before the

---

[1] While IntelliShift asserts that "the USPTO has granted reexaminations on five of the seven total asserted patents against IntelliShift," it appears that at least one of those reexaminations has been

USPTO. Critically, however, IntelliShift did not bring those EPR proceedings and "has not agreed to be bound by the outcome of [them]." (Opp. at 2.) IntelliShift does not make any assertion to the contrary, but instead asserts only that the EPR proceedings "will *likely* cancel or narrow *at least some* of the asserted claims" and that these proceedings "[have] *the potential* to reduce the scope of discovery, motion practice, and eventually trial." (Mot. Stay at 3) (emphasis added). Any USPTO finding that is unfavorable to IntelliShift's position, therefore, may remain subject to challenge in this litigation and all arguments remain available to IntelliShift regardless of the outcome of the EPR proceedings. Therefore, contrary to IntelliShift's contention, a stay is unlikely to simplify the issues in the litigation. *See, e.g. Prestige Jewelry Int'l, Inc. v. BK Jewellery HK*, No. 11-cv-2930, 2012 WL 2899077, at *2 (S.D.N.Y. July 16, 2012) (finding that a stay would not simplify the issues because USPTO's rulings would not be binding).

Accordingly, even if USPTO findings as to certain patents may later impact this litigation in some manner, this Court concurs with the reasoning of another court that "the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case on hold for an indefinite and lengthy period of time." *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235, 2014 WL 4652117, at *3 (E.D. Tex. Sep. 18, 2014). Accordingly, the first factor in the stay analysis counsels against granting a stay.

## II. Stage of the Proceedings

The second factor, which requires considering the stage of the proceedings, weighs in favor of a stay when an action is in the early stages of its lifespan. *See CDX Diagnostics, Inc.*, 2014 WL 2854656, at *4; *see also Wiesel v. Apple Inc.*, No. 19-CV-7261, 2021 WL 5038764, at

---

resolved. (*See* Opp. at 2, n.2.) IntelliShift has not shown otherwise. Therefore, as far as this Court is aware, only four reexamination requests remain pending.

*3 (E.D.N.Y. Oct. 29, 2021). "However, '[e]ven where a case is in its early stages of litigation, a stay should still be denied if it offers limited potential to narrow the issues in the case and the non-moving party will suffer undue prejudice by the delay.'" *CDX Diagnostics, Inc.*, 2014 WL 2854656, at *4 (citing *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 178 (S.D.N.Y. 2009)). Here, this action is in the early stages of proceedings; IntelliShift has filed an Answer to the Complaint, but the parties have not yet commenced discovery or dispositive motion practice. Therefore, this factor weighs slightly in favor of a stay. However, even where a case is in its early stage of litigation, a stay should still be denied if the other stay factors weigh against granting a stay. *See CDX Diagnostics, Inc.*, 2014 WL 2854656, at *4; *see also Grecia v. MasterCard, Inc.*, No. 15-cv-9059, 2017 WL 11566955, at *3 (S.D.N.Y. Apr. 3, 2017) ("[C]ourts generally decline to stay early-stage cases where the other two factors weigh in the opposite direction.").

**III.     Undue Prejudice to Fleet Connect**

This third factor involves considering whether the grant of a stay would prejudice the nonmoving party—Fleet Connect. "Mere delay in the litigation does not establish undue prejudice." *CDX Diagnostics, Inc.*, 2014 WL 2854656, at *4. "Four subfactors are germane to the undue prejudice inquiry: (1) the timing of the request for the review; (2) the timing of the request for a stay; (3) the status of the review proceeding; and (4) the relationship of the parties." *Think Prods., Inc. v. ACCO Brands Corp.*, No. 14-cv-6659, 2015 WL 13955492, at *2 (E.D.N.Y. June 19, 2015). Upon consideration of all four subfactors, this Court finds that a stay would unduly prejudice Fleet Connect.

### A. Timing of the Review Request

IntelliShift notes that the EPR requests were all filed prior to initiation of this litigation. (Mot. Stay at 5.) The timing of the review request does not suggest that Fleet Connect will be unduly prejudiced by a stay of this action, as it was aware of the pending requests before it initiated this litigation as a plaintiff.

### B. Timing of the Stay Request

IntelliShift filed this motion to stay shortly after filing its Answer and four months after Fleet Connect initiated this action on August 8, 2025. No deadlines have been set other than an initial conference before Magistrate Judge Dunst on February 11, 2026. The timing of the stay request does not suggest that Fleet Connect has or will suffer undue prejudice, as the stay briefing has not required any extensions or adjournments or otherwise caused any disruption to the progress of the proceedings.

### C. Status of the Review Proceeding

The third factor weighs in favor of finding that a stay would prejudice Fleet Connect because, as another court found in an action brought by Fleet Connect against a different defendant, EPR proceedings related to many of the same patents at issue here "have only a remote chance of simplifying the case because such proceedings do not have statutory deadlines . . . and only about 14% of such proceedings result in cancellation of all challenged claims." *Fleet Connect Solutions LLC v. UAB Gurtam*, No. 2:25-cv-00661, Order Denying Motion to Stay (ECF No. 34), at 1–2 (E.D. Tex. Dec. 3, 2025). The EPR proceedings have not concluded, and Fleet Connect intends to "appeal any adverse final decision by the USPTO" including to the Court of Appeals for the Federal Circuit if necessary. (Opp. at 5.) Accordingly, it may take years for there to be a final determination in the EPR proceedings. As a result, the grant of a

6

IntelliShift's requested indefinite stay would result in more than a "mere delay" to the litigation and would unduly prejudice Fleet Connect by indefinitely delaying any relief in this action. *See also Prestige Jewelry Int'l, Inc. v. BK Jewellery HK*, No. 11-cv-2930, 2012 WL 2899077, at *3 (S.D.N.Y. July 16, 2012) ("[C]ourts in this circuit have regularly found prejudice where a reexamination would prolong the litigation."). The indefinite nature of this request counsels against the granting of a stay. *Medina*, 2022 WL 1555083, at *2 ("[S]tays of indefinite duration are generally disfavored.)

### D. Relationship of the Parties

"Where the parties are competitors, there is certainly the real possibility of undue prejudice." *Slingshot Printing LLC v. Canon U.S.A., Inc.*, No. 22-cv-123, 2022 WL 17361232, at *5 (E.D.N.Y. Dec. 1, 2022). IntelliShift maintains, and Fleet Connect does not contest, that Fleet Connect is "a non-practicing entity" and therefore the parties "are not, and cannot be, competitors." (Mot. Stay at 5.) Therefore, the relationship of the parties does not suggest that Fleet Connect has been unduly prejudiced.

Considering all of the subfactors together, the fact that the EPR proceedings and potential appeal of any decisions rendered through those proceedings may take years to conclude, along with IntelliShift's request for an indefinite stay weigh strongly in favor of a finding that the grant of the requested stay would unduly prejudice Fleet Connect.

Accordingly, two of the motion to stay factors weigh against granting a stay, while the second factor is neutral. Although this action is in the early stages, a stay would not simplify the issues in this litigation and would unduly prejudice Fleet Connect. After close consideration of all three of the factors, the Court concludes that IntelliShift's requested stay is unwarranted.

## CONCLUSION

For the reasons set forth above, the Court denies IntelliShift's motion to stay the litigation pending completion of a USPTO investigation regarding the validity of several of the seven patents at issue in this action. The Parties shall proceed with the initial conference before Magistrate Judge Dunst on February 11, 2026.

Dated: Central Islip, New York
       January 21, 2026

                                           */s/ Nusrat J. Choudhury*
                                           NUSRAT J. CHOUDHURY
                                           United States District Judge