**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>VEHICLE TRACKING SOLUTIONS, LLC D/B/A INTELLISHIFT,<br><br>Defendant. | Civil Action No. 2:25-cv-04453-NJC-LGD |

# JOINT SCHEDULING REPORT

Plaintiff Fleet Connect Solutions LLC ("Fleet Connect") and Defendant Vehicle Tracking Solutions, LLC d/b/a Intellishift ("Intellishift") (collectively, the "Parties"), pursuant to Fed. R. Civ. P. 26(f) and this Court's December 16, 2025 Order, submit this Report of their conference that was held by telephone on January 21, 2026, regarding their plans for discovery in this matter.

## 1. Rule 26(f) Meeting

a. Date(s) meeting(s) held: January 21, 2026

b. Plaintiff(s)' representative(s) who participated: Jim McDonnough

c. Defendant(s)' representative (s) who participated: Thomas J. Gohn, Michael R. Casey, Ari J. Jaffess, Sid V. Pandit

## 2. Discovery Exchanged Prior To Initial Conference

Before the Initial Conference, the Parties will have exchanged their initial disclosures. Furthermore, Plaintiff and Defendant plan on serving its first set of interrogatories and requests for production before the Initial Conference.

## 3. Electronically Stored Information (if any)

a. Have counsel discussed any ESI to be produced?
Yes. Both Parties anticipate that there will be ESI to be produced in this matter.

b. Have the parties entered into an ESI protocol?
The Parties have not entered into an ESI protocol at this time but have discussed the need for one. The Parties have agreed to use standard Relativity load files for all ESI materials and anticipate filing an ESI protocol within fourteen (14) days following the date of the Initial Conference.

**4. Protective Order (if any)**
The Parties believe that the entry of a protective order will be necessary. The Parties will submit a Protective Order for the Court's approval within fourteen (14) days following the date of the Initial Conference.

**5. Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)?**

The Parties do **not** consent to trial before a magistrate judge.

**6. Additional Issues Discussed Pursuant to Rule 26(f)**

a. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**.

The Parties have set forth a proposed schedule for discovery below. The Parties do not believe that the discovery should be conducted in phases or should be limited to or focused on any particular issues. The Parties jointly expect that discovery may be needed on at least the following topics:

- The Asserted Patents;
- Inventorship of the Asserted Patents;
- Ownership of the Asserted Patents;
- Licensing of the Asserted Patents;
- Defendant's knowledge of the Asserted Patents;
- Defendant's Accused Products;
- Defendant's development, production, and sales of the accused products;
- Defendant's and Plaintiff's patent licensing practices / activities.
- Prior art discovery from Plaintiff and third parties, including accused infringers of the Asserted Patents
- Invalidity contentions from third party accused infringers of the Asserted Patents;
- Infringement contentions against third party accused infringers of the Asserted Patents;
- Plaintiff's products that it contends are covered by the Asserted Patents;
- Damages that Plaintiff asserts that it has suffered because of Defendant's Actions; and

- Plaintiff's compliance with 35 U.S.C. §287.

**b. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

The Parties agree to the limitations of discovery imposed by the Federal Rules of Civil Procedure. A detailed discovery plan and proposed discovery cutoff date is set forth below, along with the Parties' proposed schedule. The parties also expect they will be able to agree upon a protocol for the searching, gathering, scope, and production of electronically stored information. Further, the Parties consent to service by e-mail under Fed. R. Civ. P. 5(b)(2)(E) for any papers not otherwise submitted to the Court via the ECF system.

## 7. Proposed Discovery Schedule

a. Deadlines and Dates Upon Which the Parties Agree

| **Event** | **Date** |
|---|---|
| Parties to exchange initial disclosures pursuant to Rule 26(a)(1)(A). | February 4, 2026 |
| Discovery Opens | February 4, 2026 |
| Deadline to add parties | May 4, 2026 |
| Parties exchange claim terms for construction. | June 8, 2026 |
| Parties exchange proposed claim constructions. | June 22, 2026 |
| Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified with respect to claim construction or indefiniteness, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. | June 29, 2026 |
| Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. | July 6, 2026 |
| Parties simultaneously file Opening claim construction brief, including any arguments that any claim terms are indefinite. | July 13, 2026 |
| Deadline to amend pleadings. Amendments to the pleadings prior to this date that add patents or patent claims must be accompanied by a motion. (Note: This includes amendments in response to a 12(c) motion). No amendments to the pleadings are permitted after this date unless permitted by the Court. | July 13, 2026 |

| **Event** | **Date** |
|---|---|
| Parties simultaneously file Responsive claim construction brief. | August 3, 2026 |
| Parties simultaneously file Reply claim construction brief. | August 17, 2026 |
| Parties submit Joint Claim Terms Chart Pursuant to LPR 11. | September 4, 2026 |
| Parties submit optional technical tutorials to the Court and technical advisor (if appointed). | September 9, 2026 |
| *Markman* Hearing. | October 9, 2026 |
| Close of Fact Discovery. | April 26, 2027 |
| Opening Expert Reports. | May 24, 2027 |
| Rebuttal Expert Reports. | June 28, 2027 |
| Close of Expert Discovery. | July 19, 2027 |
| Dispositive motion deadline and *Daubert* motion deadline. | August 23, 2027 |

b. Deadlines and Dates for Which the Parties Do Not Agree

**<u>Plaintiff's Position</u>**

Plaintiff believes that it is important to have a date on the schedule after the *Markman* hearing by which the Parties are allowed amend their contentions. During the *Markman* hearing, the Court's construction of any contested terms can have a drastic effect on the scope of the asserted claims, necessitating a revision of the Parties' contention to reflect this new scope. Plaintiff believes that having such a date—or, dates, as Plaintiff is not opposed to Defendant's suggestion in the alternative of allowing Defendant to amend its contentions *after* Plaintiff amends its contentions—already on the schedule allows for the litigation to continue smoothly without injecting needless motion practice into the case and cluttering the Court's docket.

**<u>Defendant's Position</u>**

Plaintiff believes that the parties' infringement and invalidity contentions should be split into three phases: preliminary infringement contentions (on March 16, 2026), preliminary invalidity contentions (on June 1, 2026), and final infringement and invalidity contentions (on December 7, 2026). Defendant understands that this may be done in one particular judge's rules, but Defendant believes that it is not in accordance with this District's Local Patent Rules. Shifting infringement contentions can complicate a case and impede the notice function of contentions. Defendant believes that an approach in accordance with the Local Patent Rules should be used with infringement contentions (on March 16, 2026) and invalidity contentions (on June 1, 2026). Defendant requests that, if the Court were to adopt "preliminary" and "final" contention deadlines, the deadline for Defendant's final invalidity contentions should be six

weeks after any final infringement contentions are served by Plaintiff so that Defendant may have time to respond to any changes in Plaintiff's infringement positions.

| **Plaintiff's Proposed Event** | **Plaintiff's Proposed Date** | **Defendant's Proposed Event** | **Defendant's Proposed Date** |
|---|---|---|---|
| Plaintiff serves ***preliminary*** infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. | March 16, 2026 | Plaintiff serves infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. | March 16, 2026 |
| Defendant serves ***preliminary*** invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter | June 1, 2026 | Defendant serves invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are | June 1, 2026 |

| **Plaintiff's Proposed Event** | **Plaintiff's Proposed Date** | **Defendant's Proposed Event** | **Defendant's Proposed Date** |
|---|---|---|---|
| under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). | | directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). | |
| Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to timely amend if new information is identified after initial contentions. | December 7, 2026. | [Defendants do not believe that the parties' contentions should be amended without leave of the Court for good cause.] | [Should the Court adopt a schedule including final contentions, Defendant's deadline should be six weeks after any final infringement contentions served by Plaintiff.] |

Dated: February 4, 2026

Respectfully submitted,


*/s/ James F. McDonough, III*
James F McDonough , III (admitted *pro hac vice*)
Rozier Hardt McDonough PLLC
659 Auburn Avenue NE, Unit 254
Atlanta, GA 30312
404-564-1866
jim@rhmtrial.com

**Counsel for Plaintiff**
**Fleet Connect Solutions LLC**

/s/ Ari J. Jaffess
Ari J. Jaffess
ari.jaffess@listonabramson.com
Alex G. Patchen
alex.patchen@listonabramson.com

**LISTON ABRAMSON LLP**
The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, NY 10174
Tel: (212) 257-1630
Fax: (917) 633-5568

Siddhesh V. Pandit (admitted *pro hac vice*)
svp@maierandmaier.com
Timothy J. Maier (*pro hac vice to be submitted*)
tjm@maierandmaier.com
Michael R. Casey (*pro hac vice to be submitted*)
mrc@maierandmaier.com

**MAIER & MAIER PLLC**
345 South Patrick Street
Alexandria, VA 22314
(703) 740-8322 (phone)
(703) 991-7071 (fax)

Thomas J. Gohn (admitted *pro hac vice*)
tjg@maierandmaier.com

**MAIER & MAIER PLLC**
8750 N. Central Expressway
Suite 1850
Dallas, Texas 75231
(703) 740-8322 (phone)
(703) 991-7071 (fax)

**Counsel(s) for Defendant**
**Vehicle Tracking Solutions, LLC d/b/a**
**IntelliShift**